**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**NOV 20 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALFRED ANDRE DICKERSON,

      Defendant-Appellant.

No. 01-6116
(D.C. No. 00-CV-1299-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Defendant-Appellant Alfred Andre Dickerson raises three issues on appeal

from the denial of his § 2255 motion by the district court. First, he argues that

the sentencing court lacked subject-matter jurisdiction because he was sentenced

based on a crime for which he was not indicted. Dickerson does not offer any

facts in support of this argument, nor does the record suggest that he was

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced for a crime for which he was not indicted.  Further, the § 2255 petition he filed with the district court did not argue that the sentencing court lacked subject-matter jurisdiction.  Accordingly, we will not review this claim.  <u>Walker v. Mather (In re Walker)</u>, 959 F. 2d 894, 896 (10th Cir. 1992).

Second, Dickerson argues that his sentence was enhanced based on a crime not charged by the grand jury.  He contends that he was sentenced under 21 U.S.C. § 841(b), but that he pled guilty only to a violation of 21 U.S.C. § 856(a)(2).  Dickerson does not explain this assertion or offer facts in support, but he may be referring to the calculation of his sentence under U.S.S.G. § 2D1.8. If so, this court rejected the argument on direct appeal, <u>see</u> <u>United States v. Dickerson</u>, 195 F.3d 1183, 1189-90 (10th Cir. 1999), and Dickerson offers no reason to question that ruling.

Third, he argues ineffective assistance of counsel.  He does not offer any reason why the district court erred in finding this claim meritless, and we can detect none.

Dickerson's application for a Certificate of Appealability is DENIED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 2 -